Guy A. Graves, J.
The petitioner has brought a CPLR article 78 proceeding to annul a determination of the respon *115 dent Town Board, Town of Halfmoon, hereinafter referred to as the Town Board, in awarding a contract for a fire protection district.
The underlying facts appear to be undisputed. It appears that on November 18, 1975, the Town Board of the Town of Halfmoon entered into a contract with Halfmoon Fire District No. 1 for the furnishing of fife protection commencing January 1, 1976 to a fire protection district known as Halfmoon-Pruyn Hill Fire Protection District. The contract was entered into after a public hearing was held pursuant to notice and in accordance with section 184 of the Town Law.
The petitioner seeks to set aside said action on the grounds that the respondent town failed to follow section 103 of the General Municipal Law which provides for competitive bidding. It appears from the petition that an adjoining municipality namely the City of Mechanicville had offered to provide fire protection at a lower annual charge. It appears from the minutes of the public hearing that the respective merits of the fire protection provided by Halfmoon and the City of Mechanicville were discussed and considered. The Town Board subsequently approved and signed a contract with Halfmoon Fire Protection District No. 1 for the period of five years at specified annual amounts. The Town Board at its public hearing heard the requirements of the fire protection district and the cost of providing the same on an annual basis by the respective interested parties.
An examination of section 184 of the Town Law and section 103 of the General Municipal Law reveals that the respondent town followed the procedure expressly provided for by statute. Section 184 authorizes a town board to contract for a fire protection district after a public hearing has been held thereon. Section 184 of the Town Law is a comprehensive detailed section authorizing a town board to contract for fire protection services after a public hearing. This was done in the present instance. Section 184 does not provide for any competitive bidding. Section 103 of the General Municipal Law does not apply since subdivision 1 of that section requires competitive bidding "except as otherwise expressly provided by an act of the legislature”. In this instance, the Legislature has otherwise provided by the provisions of section 184 of the Town Law.
The contract entered into by the town also includes emergency service in case of accidents or other calamaties or other *116 emergencies in connection with which the services of firemen would be required in accordance with section 184 of the Town Law.
It is to be further noted that section 103 of the General Municipal Law has been held not to apply to contracts requiring special skill or training. (People ex rel. Smith v Flagg, 17 NY 584, 587; Hurd v Erie County, 34 AD2d 289; Matter of Marino v Town of Ramapo, 68 Misc 2d 44.) In addition, the State Comptroller has recognized several other similar exceptions in his opinions to local governments, viz.: general ambulance services (13 Opns St Comp, 1975, p 315); that there is no limit upon the amount which a town may contract to pay for fire protection on behalf of a fire protection district (1 Opns St Comp, 1945, p 342; 4 Opns St Comp, 1948, p 447), and that a contract for fire protection is the product of arms-length bargaining and subject to a public hearing before adoption by a town board (25 Opns St Comp, 1969, p 41).
The respondent town has raised technical procedural questions concerning the method and manner of service of the petition on the respondent board. However, the court for the purposes of this decision has disposed of the matter on the merits.
The petitioner’s remedy, if any, on the basis of this record is political in nature.
The petition is accordingly dismissed without costs.